IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUN 15 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| SHIRLEY M. COLEMAN, *Plaintiff,* v. COMMISSIONER OF SOCIAL SECURITY, *Defendant.* | CIVIL ACTION NO. 6:04CV00048<br><br>ORDER AND OPINION<br><br>JUDGE NORMAN K. MOON |

By standing order of the Court, this case was referred to the Honorable Michael F. Urbanski, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. The Magistrate filed his report on January 10, 2006, recommending that this Court grant summary judgment for the Commissioner. Plaintiff filed objections to this recommendation on January 24, 2006. Said objections having been timely and appropriately lodged, this Court must undertake a *de novo* review with respect to those portions of the report to which objections were made. 28 U.S.C.A. § 636(b)(1); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). After a thorough examination of the objections, the supporting memoranda, the applicable law, the documented record, and the report and recommendation, this Court OVERRULES all objections.

Plaintiff objects to the Magistrate Judge's determination that substantial evidence supported the Commissioner's decision rejecting the opinion of Plaintiff's treating physician.

1

Although one of Plaintiff's physicians, Dr. Bowen, opined that Plaintiff was totally disabled, the Commissioner determined that Plaintiff was not credible and that she "doctor-shopped" in order to find a physician who would offer a favorable opinion. Plaintiff argues that the evidence shows that she left her earlier doctor, Dr. Barnard, merely because she was unable to pay her bills. Plaintiff also argues that the ALJ's erroneous assessment of Plaintiff's credibility cannot constitute substantial evidence to reject the opinion of her treating physician, Dr. Bowen.

The law requires "persuasive contradictory evidence" to support the Commissioner's rejection of a treating source's opinion. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). On issues of credibility, however, the ALJ's observations are entitled to great weight because the ALJ "had the opportunity to observe the demeanor and to determine the credibility of the claimant." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C.A. §§ 405(g), 1383(c)(3); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Fourth Circuit has elaborated on this definition, explaining that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is not the province of the reviewing court, however, to re-weigh the evidence or substitute its own credibility judgments for those of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Case 6:04-cv-00048-NKM-mfu Document 21 Filed 06/15/06 Page 2 of 5 Pageid#: 100

The Court finds substantial evidence to support the ALJ's determination that Plaintiff was not entirely credible. Although some evidence in the record supports her argument that she left Dr. Bernard because of nonpayment of her medical bills or lack of insurance, the ALJ also cited other reasons to distrust her disability claim. The ALJ noted that Plaintiff had failed to maintain her eligibility for participation in a community drug program and failed to take other expected steps that might have improved her condition, specifically losing weight, continuing physical therapy, or seeking assistance from other available sources.

Although there is certainly evidence to support Plaintiff's argument that her knee pain prevented her from losing weight, and that financial difficulties prevented Plaintiff from continuing physical therapy, this evidence is not so overwhelming as to leave the ALJ's determination without support. Plaintiff was advised on numerous occasions of the importance of weight loss and exercise, and notes from physical therapy and Dr. Barnard indicated that she had good range of motion in her knees and was showing improvement. Although a court reviewing the record *de novo* might come to a different conclusion than the Commissioner, that possibility does not negate the existence of sufficient evidence supporting the Commissioner's credibility determination.

Further, the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence. Specifically, the Court finds persuasive evidence for the decision to attach less weight to Dr. Bowen's disability determination as not supported by clinical findings. The ALJ is generally required to give controlling weight to a treating source's opinion, where it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other evidence in the record. 20 C.F.R § 404.1527(d)(2). Where, however, a

3

treating source's opinion is less supported by medical signs and laboratory findings and is inconsistent with the record as a whole, it is entitled to less weight. § 404.1527(d)(3)-(4); *Maestro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

In this case, Dr. Bowen determined that Plaintiff was totally disabled from any work activity. (R. 193). Specifically, he determined that she could lift no more than 10 lbs, could stand, walk or sit without interruption for no more than 30 minutes, and had environmental restrictions with regard to heights, moving machinery, temperature extremes, humidity, and vibration. (R. 287-89). The clinical information in Dr. Bowen's notes and reports, however, does not support such narrow limitations. On September 30, 2003 he noted that she was "doing better" after an injection in her hip. (R. 299). On August 5, 2003, he noted that Plaintiff suffered from severe degenerative disease of both knees, and stated "[s]he feels better, but has some pain and tenderness." (R. 301). Another typical entry, on June 10, 2003 noted that Plaintiff had degenerative disease of both knees, felt pain and tenderness in her right knee, and was doing well that day. (R. 302). Notes from July 17, 2002 and September 11, 2002 both noted that Bextra helped Plaintiff's knee pain. (R. 308). None of these entries support the particular limitations set forth in Dr. Bowen's opinion. Other notations examining the more quantifiable aspects of Plaintiff's symptoms stated that multiple x-rays of her knees reveal degenerative disease, (R. 302), but that she had "fairly good range of motion of both knees," (R. 310), and decreased range of motion in her right knee but good peripheral pulses and equal thigh and calf size, (R. 311).

Dr. Bowen's opinion regarding Plaintiff's disability is also inconsistent with other evidence in the record suggesting that Plaintiff's degenerative disease is minimal. (R. 179-87, R. 200, R. 204, R. 207, R. 310). Plaintiff argues that Dr. Bowen saw Plaintiff more recently than Dr.

4

Barnard, and that Plaintiff's obesity and knee degeneration worsened her condition over time. As noted above, however, when reviewing an ALJ's decision, a court is not free to re-weigh the evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ examined the whole of the evidence before it, as required by 20 C.F.R § 404.1527(d)(2), and determined that Dr. Bowen's assessment was not supported by his own records or the record as a whole. (R. 25). There is sufficient evidence supporting this determination.

The Court therefore OVERRULES the plaintiff's objections and ORDERS that the report and recommendation of the United States Magistrate Judge filed January 10, 2006, shall be, and hereby is, ADOPTED, in its entirety.

This case is dismissed and stricken from the docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: _____

U.S. District Court Judge

DATE: June 15, 2006